IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: ) | |
| ) | Case No. 18-60521 |
| FAMILY PHARMACY, INC., *et al.*, ) | (Joint Administration) |
| ) | Chapter 11 |
| Debtors.[1] ) | |

**LIMITED OBJECTION OF J M SMITH CORPORATION AND
SMITH MANAGEMENT SERVICES, LLC TO DEBTORS' MOTION FOR
ORDER APPROVING BREAKUP FEE AND REIMBURSABLE EXPENSES;
PRESCRIBING MANNER OF NOTICE; AND AUTHORIZING SALE OF ASSETS
FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES,
SUBJECT TO HIGHER OR BETTER OFFERS**

COME NOW J M Smith Corporation and Smith Management Services, LLC (collectively, "Smith"), and file this Limited Objection to Debtors' Motion for Order Approving Breakup Fee and Reimbursable Expenses; Prescribing Manner of Notice; and Authorizing Sale of Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, Subject to Higher or Better Offers [Doc. 47] (the "Sale Motion"), and show the Court as follows:

1.  On April 30, 2018 (the "Petition Date"), the Debtors commenced the above-captioned cases by filing voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2.  Smith is the largest creditor in these bankruptcy cases (with a secured claim in excess of $17 million), and serves as both the post-petition lender to the Debtors and the stalking horse bidder under the Sale Motion.

3.  On May 7, 2018, the Debtors filed the Sale Motion. On May 29, 2018, this Court entered its Order Approving Auction and Bidding Procedures; Approving Breakup Fee and

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Family Pharmacy, Inc. (5595); Family Pharmacy of Missouri, LLC (6899); HealthTAC Logistics, LLC (2879); Family Property Management, LLC (2908); and Family Pharmacy of Strafford, Inc. (8943).

Reimbursable Expenses; Prescribing Manner of Notice; and Authorizing Sale of Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, Subject to Higher or Better Offers [Doc. 111] (the "Bid Procedures Order"). Exhibit A to the Bid Procedures Order is the bidding procedures (the "Bidding Procedures") approved by the Court.

4. Under the Bidding Procedures, the Court set a deadline of July 17, 2018 at 5:00 p.m. (the "Bid Deadline") for potential bidders to submit qualified bids, including financial information sufficient for one to conclude in the exercise of commercially reasonable business judgment that a bidder has the ability to perform its bid.

5. The Court further set a deadline of July 24, 2018 for the Debtors to determine whether bids were "Qualified Bids" (as defined in the Bidding Procedures) and whether bidders were "Qualified Bidders" (as defined in the Bidding Procedures), and a deadline of July 25, 2018 at 5:00 p.m. for the Debtors to notify each Qualified Bidder of the Qualified Bids, Qualified Bidders and Qualified Bid that is the highest and best Qualified Bid (the "Auction Baseline Bid").

6. On July 25, 2018, the Debtors filed their Notice of (A) Auction and (B) Qualified Bidders Pursuant to Order Approving Auction and Bidding Procedures; Approving Breakup Fee and Reimbursable Expenses; Prescribing Manner of Notice; and Authorizing Sale of Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, Subject to Higher or Better Offers [Doc. 187] (the "Qualified Bid Notice") and served the Qualified Bid Notice and a Summary of Terms of Qualified Bids (the "Bid Summary") on all Qualified Bidders, including Smith.

7. The Qualified Bid Notice and Bid Summary identified eight bids by six groups, including bids by the following two groups: (i) Ryan Summers, Koby Prater, Mike Stuart, each individually, and Bank of Missouri (the "Cleveland Club"), and (ii) Benzer Pharmacy Holding, LLC ("Benzer"). The Bid Summary identified the Cleveland Club as having the Auction Baseline

Bid, with a bid of $9,000,000 in cash, plus a $1 million credit bid from Bank of Missouri, plus cash to assume certain other liabilities (including the break-up fee, expense reimbursement and DIP obligations). The Bid Summary further identified Benzer as having a bid of $8,550,000 in cash plus cash to assume certain other liabilities (including the break-up fee, expense reimbursement and DIP obligations). The cash bid of Smith as stalking horse, by contrast, is $8,000,000 plus cash to assume certain other liabilities (including the DIP obligations).

8.    Both the Cleveland Club and Benzer bidders, however, failed to submit by the Bid Deadline (or at any point thereafter, to the knowledge of Smith) financial information from which one could conclude, in the exercise of commercially reasonable business judgment, that these bidders have the ability to perform their bids as made, or as might be raised at the auction scheduled for August 3, 2018. Indeed, the financial information submitted actually demonstrates to the contrary. For example, for the Cleveland Club, only one of the three individuals submitted a personal financial statement, and that financial statement actually shows that this individual has a total of less than 5% of the cash needed to fund the Cleveland Club bid. The Cleveland Club also attached documents from potential lenders purporting to be "tentative commitments," but they are by their terms expressly not commitments of any lender, and are missing all of the material terms for a loan – i.e., there is no dollar amount of any loan on any of the letters, the interest rate is "to be determined," and the maturity date is "to be determined." In short, there is no basis upon which one could conclude in the exercise of commercially reasonable business judgment that the Cleveland Club could perform either its submitted bid or any higher bid at the auction.

9.    The Benzer bid fares no better. Benzer submitted only its 2017 financial statements in support of its bid. Those financial statements show (i) Benzer had a total of $23,538 in cash on its balance sheet at December 31, 2017, and (ii) Benzer had a line of credit (for only $2,114,719)

that was fully drawn at December 31, 2017. Benzer offered nothing else in support of its financial ability to perform its bid. In short, there is no basis upon which one could conclude in the exercise of commercially reasonable business judgment that Benzer could perform either its submitted bid or any higher bid at the auction.

10. Smith objects to qualification of both the Cleveland Club and Benzer bids as Qualified Bids and to the Cleveland Club and Benzer as Qualified Bidders. Qualification of those bids and bidders is inconsistent with the Bid Procedures Order, inconsistent with the reasonable expectations of auction participants, including Smith, inconsistent with the notions of fairness and integrity of the bid process, and contrary to the need in these cases to have a qualified bidder that can actually perform its bid and close the acquisition of the Debtors' pharmacy assets. See In re Food Barn Stores, Inc., 107 F.3d 558 (8th Cir. 1997).

11. While it is possible that bids by other Qualified Bidders at the auction could moot these concerns, Smith reserves the right (i) to object at the hearing on the Sale Motion to any sale to either the Cleveland Club or Benzer, and (ii) to seek an adjustment to the purchase price established at the auction if Smith is the winning bidder and bids by either the Cleveland Club or Benzer have led to an inflated purchase price. Respondents further reserve the right to address any other issues related to the auction or otherwise related to the sale at the hearing on the Sale Motion.

DATED: August 2, 2018    Respectfully submitted,

/s/ Kenneth C. Jones
Kenneth C. Jones
Kansas Bar No. 10907
Missouri Bar No. 40002
LEWIS RICE LLC
10484 Marty Street
Overland Park, KS 66212
(913) 643-5128
Fax: (913) 642-8742
kcjones@lewisricekc.com

/s/ Darryl S. Laddin
Darryl S. Laddin
Georgia Bar No. 460793
ARNALL GOLDEN GREGORY LLP
171 17th Street NW, Suite 2100
Atlanta, GA 30363-1031
(404) 873-8500
Fax: (404) 873-8121
darryl.laddin@agg.com

*Attorneys for J M Smith Corporation and Smith Management Services, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2018, the foregoing Objection was filed electronically using CM/ECF, and a true and correct copy of the above and foregoing was served as follows:

    X     Upon filing, the CM/ECF system sent notification to all parties participating in the CM/ECF system in this matter.

    ___     Via U.S. Mail, first class, postage prepaid and properly addressed to all parties of interest as set forth within the matrix attached to the original of this on file with the Clerk.

    X     To the Office of the United States Trustee via e-mail to ustpregion13.kc.ecf@usdoj.gov.

                              */s/ Kenneth C. Jones*
                              Kenneth C. Jones

                              *Attorney for J M Smith Corporation and Smith Management Services, LLC*

12495500v1